1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                            )
CONCEPT DORSSERS,                          )
                                                            )        Case No. C09-1692RSL
                              Plaintiff,             )
                                                            )
        v.                                                 )
                                                            )        ORDER GRANTING DEFENDANT'S
PACIFIC NORTHWEST TITLE              )        MOTION TO DISMISS AND
INSURANCE COMPANY, INC.,             )        GRANTING LEAVE TO AMEND
                                                            )        CPA CLAIM
                              Defendant.         )
_____)

        This matter comes before the Court on "Defendant's Motion to Dismiss for Failure
to State a Claim."  Dkt. # 5.  Defendant argues that all of plaintiff's claims should be dismissed
because they (1) do not satisfy the notice pleading requirement of Rule 8 and (2) fail to state a
claim upon which relief can be granted.

        In the context of a motion to dismiss, the Court's review is generally limited to the
contents of the complaint.  Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  The
Court may, however, consider documents referenced extensively in the complaint, documents
that form the basis of plaintiff's claim, and matters of judicial notice when determining whether
the allegations of the complaint state a claim upon which relief can be granted.  United States v.
Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).  The complaint filed against the insured in the
United States Bankruptcy Court for the Western District of Washington underlies plaintiff's

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND CPA CLAIM

1  claim for insurance coverage and can be considered by the Court.  The allegations of plaintiff's

2  complaint in this matter, as well as the contents of the underlying complaint, are accepted as true

3  and construed in the light most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d

4  922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

5  **I. ADEQUACY OF PLEADING**

6         Defendant argues that the complaint in this matter fails to satisfy the heightened

7  pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Defendant

8  has not, however, identified any particular deficiency in plaintiff's allegations.  Rather, the

9  thrust of defendant's argument is that the allegations of the underlying complaint establish that

10  plaintiff is not entitled to relief.  The factual allegations of plaintiff's complaint generally set

11  forth the grounds upon which plaintiff's claims rest and provide enough information for the

12  Court to determine whether those claims are legally sufficient.  Except with regards to the

13  Washington Consumer Protection Act claim discussed below, plaintiff's claims are adequately

14  pled.

15  **II. FAILURE TO STATE A CLAIM**

16         Plaintiff has asserted claims of breach of contract, bad faith, and violations of the

17  Washington Consumer Protection Act, RCW 19.86.010 *et seq*., against its title insurance

18  company.  Plaintiff also seeks declaratory relief and an award of attorney's fees.  Defendant

19  seeks dismissal of all claims under Fed. R. Civ. P. 12(b)(6).

20        **A.  Breach of Contract**

21         Plaintiff Concept Dorssers obtained a $12,000,000 Deed of Trust related to a

22  residence in Medina, Washington.  Defendant Pacific Northwest Title Insurance Company sold

23  Concept Dorssers a policy insuring plaintiff against loss sustained by reason of (1) title in the

24  Medina property being vested otherwise than as stated in the schedule attached to the policy

25  and/or (2) defects in the title to the Medina property resulting from the avoidance of any transfer

26  ORDER GRANTING DEFENDANT'S
   MOTION TO DISMISS AND GRANTING
   LEAVE TO AMEND CPA CLAIM     -2-

of an interest in the residence "occurring prior to the transaction creating the lien of the Insured

Mortgage because that prior transfer constituted a fraudulent or preferential transfer under

federal bankruptcy, state insolvency, or similar creditors' rights laws . . . ." Title Insurance

Policy No. M-2062-9012512, Covered Risks 1 and 13 (Dkt. # 6-2 at 18).  The policy expressly

excludes coverage if defects in the title were "(a) created, suffered, assumed or agreed to by the

Insured Claimant . . . or (e) resulting in loss or damage that would not have been sustained if the

Insured Claimant had paid value for the Insured Mortgage."  Title Insurance Policy No. M-2062-

9012512, Exclusions From Coverage 3 (Dkt. # 6-2 at 19).  In addition, the Company need not

defend or insure  "[a]ny claim, by reason of the operation of federal bankruptcy, state insolvency

or similar creditor's rights laws, that the transaction creating the lien of the Insured Mortgage is .

. . a fraudulent conveyance or a fraudulent transfer . . . ."  Title Insurance Policy No. M-2062-

9012512, Exclusion From Coverage 6 (Dkt. # 6-2 at 19).

### 1. Interpretation of Insurance Policies

"In Washington, insurance policies are construed as contracts.  An insurance

policy is construed as a whole, with the policy being given a fair, reasonable, and sensible

construction as would be given to the contract by the average person purchasing insurance.  If

the language is clear and unambiguous, the court must enforce it as written and may not modify

it or create ambiguity where none exists.  If the clause is ambiguous, however, extrinsic evidence

of intent of the parties may be relied upon to resolve the ambiguity.  Any ambiguities remaining

after examining applicable extrinsic evidence are resolved against the drafter-insurer and in

favor of the insured.  A clause is ambiguous when, on its face, it is fairly susceptible to two

different interpretations, both of which are reasonable." Panorama Village Condominium v.

Allstate Ins. Co., 144 Wn.2d 130, 137 (2001) (quoting Weyerhaeuser Co. v. Commercial Union

Ins. Co., 142 Wn.2d 654, 665-66 (2000)) (internal quotations omitted).

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND CPA CLAIM          -3-

## 2.  Underlying Complaint

On September 29, 2009, the Bankruptcy Trustee filed an adversary proceeding in the Chapter 7 bankruptcy of Michael R. Mastro seeking to invalidate a series of transactions that ultimately gave rise to Concept Dorssers' Deed of Trust in Mastro's Medina residence. According to the Trustee, the residence or a significant interest therein was transferred four times over the course of eight months, from the bankruptcy debtor Michael R. Mastro to the Mastro Revocable Living Trust, then to the Mastro Irrevocable Trust, then to LCY, LLC - Series Homes, and finally to Concept Dorssers.  The Trustee alleges that the purpose of these transfers was to hide Mastro's residence from his general creditors in favor of a select group of eight "friends and family" creditors who make up Concept Dorssers.  Underlying Complaint at ¶¶ 4.55 - 4.67 (Dkt. # 6-3 at 13-15).  Each transfer is alleged to have been made with actual intent to hinder, delay, or defraud Mastro's creditors and without the exchange of reasonably equivalent value.  See, e.g., Underlying Complaint Sections XV and XVI (Dkt. # 6-3 at 26-28).  The Trustee seeks to avoid all of the transfers, including Concept Dorssers' Deed of Trust, under federal bankruptcy and state creditors' rights laws.  Id.  Concept Dorssers tendered the defense of the adversary proceeding to Pacific Northwest Title Insurance Company under Policy No. M-2062-9012512.  A denial of coverage letter was timely issued.

## 3.  Coverage Analysis

Plaintiff argues that, because the Trustee seeks to avoid transfers occurring before plaintiff obtained its interest in the Medina property, coverage exists under Covered Risks 1 and 13.  This is not, as plaintiff would have it, a case where the insured loss is the result of two causes, one of which is covered and the other is not.  The avoidance of the transfers to the Mastro Revocable Living Trust, the Mastro Irrevocable Trust, and/or LCY, LLC - Series Homes would not cause plaintiff loss or damage.  Under both state and federal law, a subsequent

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND CPA CLAIM          -4-

transfer is not voidable simply because someone earlier in the chain of title engaged in fraud. Rather, the Trustee would have to show that the subsequent transferee – in this case, Concept Dorssers – did not take in good faith and/or failed to provide reasonably equivalent value for its interest before the property could be recovered for the benefit of creditors.  See 11 U.S.C. § 550(b)(1); RCW 19.40.081(a).  Thus, the only allegations in the underlying complaint that threaten to cause Concept Dorssers injury are those contained in Sections XV and XVI.  Those same allegations – that plaintiff failed to pay value and acquired its purported interest in the Medina property with the intent to hinder, delay, and defraud creditors – constitute a claim that the transaction giving rise to the Deed of Trust was a fraudulent transfer under federal bankruptcy or state creditor's rights laws, thereby triggering the clear and unambiguous Exclusion From Coverage 6.

The Trustee has not alleged that the Deed of Trust is invalid because prior transfers were invalid.  In fact, such a claim could not be asserted under governing law.  Rather, plaintiff's lien is challenged as a fraudulent transfer for which value was not paid.  Coverage for such a claim is clearly excluded under the policy, and plaintiff's breach of contract claim fails as a matter of law.

**B. Bad Faith**

In recognition of the fact that the business of insurance affects the public interest, Washington imposes a duty on insurers to act in good faith.  To establish the tort of bad faith, an insured must show a breach of contract that was "unreasonable, frivolous, or unfounded."  Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 560 (1998).  Because defendant's denial of coverage and failure to provide a defense were based on a reasonable interpretation of the insurance policy, bad faith cannot be found.  Id.

Plaintiff suggests that defendant's quick response to plaintiff's claim, its "cursory

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND CPA CLAIM          -5-

1  and superficial" analysis of the underlying complaint, and its failure to address the Trustee's

2  request to quiet title could justify a finding of bad faith.  Plaintiff has not identified any

3  regulation or case law that supports the theory that a reasonable and, in this case, correct

4  coverage determination is sanctionable if offered too quickly or too succinctly.  Nor does

5  plaintiff explain what additional analysis is necessary to address the quiet title claim:  the claim

6  is based solely on the allegations of fraudulent transfer discussed above.  Defendant

7  acknowledged the requested relief in its denial letter and proceeded to show how the allegations

8  of the underlying complaint vitiate coverage.  No inference of bad faith arises.

9  **C. Washington Consumer Protection Act ("CPA")**

10         The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts

11  or practices in the conduct of any trade or commerce."  RCW 19.86.020.  A private cause of

12  action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or

13  commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or

14  property.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780

15  (1986).  Defendant argues that plaintiff is unable to satisfy the first element of the CPA claim

16  because its denial of coverage was reasonable and it complied with all applicable statutes and

17  regulations.

18         Defendant concedes that a violation of the insurance regulations can constitute an

19  unfair practice under the CPA.  Motion at 9.  Plaintiff alleges that defendant violated provisions

20  of the Washington Administrative Code by:

21         misrepresenting pertinent facts or insurance policy provisions; refusing to pay
        claims without conducting a reasonable investigation; failing to promptly provide a
22        reasonable explanation of the basis in the insurance policy in relation to the facts
        or applicable law for denial of a claim; failure to disclose all pertinent benefits,
23        coverages, or other provisions of an insurance policy under which a claim is
        presented; and failure, upon receiving notification of a claim, to promptly provide
24        necessary claim forms, instructions, and reasonable assistance so that first party

25

26  ORDER GRANTING DEFENDANT'S
    MOTION TO DISMISS AND GRANTING
    LEAVE TO AMEND CPA CLAIM          -6-

claimants can comply with the policy conditions and the insurer's reasonable requirements.

Complaint at ¶ 3.12 (Dkt. # 1 at 4). To the extent that the alleged regulatory violations are based on the same facts that gave rise to plaintiff's breach of contract and bad faith claims, the CPA claim fails as a matter of law. Defendant's interpretation of the title insurance policy was reasonable, and its denial letter was adequate and timely. To the extent plaintiff is asserting other regulatory violations (such as misrepresentation of pertinent facts or policy provisions and failure to provide necessary forms or instructions), it has not alleged any facts in support thereof. As currently alleged, these claims are based on nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. The Court therefore finds that plaintiff's CPA claim is not adequately pled.

**D. Declaratory Relief**

The allegations of the underlying complaint, if proven, will not impose a loss on plaintiff that falls within the policy's coverage provisions. Plaintiff's request for a declaration of coverage under Policy No. M-2062-9012512 fails as a matter of law.

**E. Attorney's Fees**

Because plaintiff is not entitled to a defense or coverage under the title insurance policy, it cannot recover attorney's fees under <u>Olympic Steamship Co. v. Centennial Ins. Co.</u>, 117 Wn.2d 37, 53 (1991).

For all of the foregoing reasons, defendant's motion to dismiss is GRANTED. Because the underlying complaint clearly triggers the exclusionary provisions of the insurance policy, further amendment of the breach of contract, bad faith, declaratory judgment, and attorney's fees claims would be futile. Plaintiff may, however, be able to correct the pleading problems that resulted in the dismissal of its CPA claim regarding defendant's claim handling

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND CPA CLAIM                    -7-

1   procedures.  If plaintiff has facts to support its contention that defendant violated the claims

2   handling regulations, it may, within fourteen days of the date of this Order, file a motion for

3   leave to amend that includes a proposed amended complaint.  If no such motion is filed,

4   judgment will be entered in accordance with this Order.

5

6           Dated this 19th day of March, 2010.

7

8                                           Robert S. Lasnik
                                            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER GRANTING DEFENDANT'S
     MOTION TO DISMISS AND GRANTING
     LEAVE TO AMEND CPA CLAIM           -8-