UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CONCEPT DORSSERS,            )
                                       Plaintiff,    )   Case No. C09-1692RSL
            v.                                   )
                                                     )   ORDER DENYING MOTION TO
PACIFIC NORTHWEST TITLE    )   INTERVENE
INSURANCE COMPANY, INC.,   )
                                Defendant.  )
_____)

        This matter comes before the Court on a "Motion to Interevene [sic], and for Other Relief, of Terry Durst, Diana Durst, Durst Living Trust, and John J. Durst Living Trust." Dkt. # 23. The Durst entities apparently have an interest in the $12,000,000 Deed of Trust obtained by plaintiff Concept Dorssers related to a residence in Medina, Washington. Concept Dorssers, acting as the Dursts' agent, purchased a title insurance policy for the residence and initiated this coverage action. The Court granted defendant Pacific Northwest Title Insurance Company's motion to dismiss on March 19, 2010, following briefing and oral argument. Concept Dorssers was given fourteen days in which to amend its complaint. No amendment was filed. On April 22, 2010, long after the fourteen-day amendment period had expired, the Dursts moved to intervene.

        Pursuant to Fed. R. Civ. P. 24(a), a person with an interest in the property that is the subject of litigation may intervene "on timely motion" "unless existing parties adequately

ORDER DENYING MOTION TO INTERVENE

represent that interest." The Dursts have not shown that they are entitled to intervene: (1) they are not an insured under the policy at issue in this litigation; (2) their interests were adequately represented in this litigation by their acknowledged agent, Concept Dorssers; and (3) their motion is untimely. The Dursts effectively seek to relitigate issues that were resolved by the Court in March, without any showing that Concept Dorssers failed to represent their interests or even that there remains a meritorious, but unraised, argument against dismissal. To allow the Dursts to intervene at this time would encourage every partner in a partnership or every member of an LLC to attempt to relitigate issues that were decided adversely to the collective.

For all of the foregoing reasons, the motion to intervene is DENIED. The Clerk of Court is directed to enter judgment in the above-captioned matter in favor of defendant and against plaintiff.

Dated this 28th day of May, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO INTERVENE    -2-